JOSEPH NYE, JR., *& al.* (*in error,*) *versus* FREDERICK SPENCER.

Defendants, having pleaded the general issue, have a right to a trial thereon; and special pleas in justification are not a waiver of that right.

Every plea must stand or fall by itself, and the language of one plea cannot be taken advantage of to support or vitiate another.

After an issue of law is raised upon a demurrer to a plea in bar, the case comes properly before the law court for its determination of that question, and if decided in favor of the plaintiff, the case goes back for a trial upon the issue of fact.

When, in compliance with the statute of 1852, c. 246, § 8, the judgment rendered in the law court is certified to the clerk of the county where the action is pending, its effect is limited to the question presented.

THIS was a writ of ERROR, under the law of 1852, to reverse a judgment in which Spencer was plaintiff, and the plaintiffs in error defendants.

The following errors are assigned, viz.: —

1. That on the issue of law raised on the special pleas in bar in the case, judgment was rendered for Spencer as plain-

Nye *v.* Spencer.

tiff, while the general issue was pending, and when it had not been tried.

2. That final judgment was entered up, and execution issued in favor of Spencer, as plaintiff, while said issue was pending and before it was tried.

3. That final judgment was entered up, and execution issued without any assessment of damages by the Court or by a jury, but execution was issued for the amount of damages, awarded by the justice from whose decision the said case was brought to the Supreme Judicial Court by appeal.

4. That execution was issued on said judgment without any assessment of damages.

The case was submitted to the full Court upon the following agreed statement:—

The original case was commenced before a justice of the peace, and was an action of trespass.

The defendants severally pleaded the general issue before the justice, which was joined. The case came into the Supreme Court by appeal. The defendants there obtained leave to plead further and double, and severally pleaded special pleas in bar, in justification, in addition to the general issue.

The plaintiff, (now defendant,) demurred generally to the special pleas, and the demurrer was joined. The Court overruled the demurrer and sustained the pleas. To this ruling the defendant in error excepted, and the case was carried to the full Court. The case was argued, and, in July, 1855, was certified back to this Court with this order — " Exceptions sustained. Pleas adjudged bad. Judgment for the plaintiff."

During the time, the general issue had not, and it has not since been tried.

The clerk carried the action forward on the docket to the November term, when judgment was entered specially, Dec. 1, 1855, and then, without any proceedings under the general issue, issued execution under the following circumstances:— There was no writ of inquiry for the assessment of damages issued, and no assessment by the Court, but the clerk made up judgment and issued execution, at the sugges-

tion of the counsel for the defendant in error, for the amount of damages awarded by the justice, with costs before the justice, and costs on appeal.

*J. H. Drummond,* for plaintiffs in error.

In this case, in the court below, two issues were joined, one of fact, and one of law. The issue of law was then decided in favor of the then defendants. This, unless reversed, was a disposition of the case. 1 Saund. 80, note 1.

But the then plaintiff excepted to this decision, and in this Court it was reversed, and the pleas overruled. This issue was thus disposed of, and the case should have remained for trial upon the general issue. But this Court ordered final judgment for the plaintiff and the court below could do no otherwise than enter judgment accordingly. It could not proceed to trial of the general issue. And this, it is submitted, was erroneous and is ground for reversing the judgment.

Where there are several pleas in bar to the whole action, and the defendant succeeds in any one of them, the plaintiff does not maintain his action. 1 Saund. 80, note 1; *Cook* v. *Sayer,* 2 Burr. 749.

So also, if the issue of fact is found for defendant, and of law for plaintiff. It lies at the very foundation of special pleading, that if the defendant succeeds in any plea going to bar the whole case, the plaintiff takes nothing by his action.

The books are full of cases in which an issue of law having been decided adversely to the defendant, the case stands for trial on the general issue. One exactly in point is *Eastman* v. *Cooper,* 15 Pick. 276.

Nor can this court look into the special pleas, and thereupon determine the general issue.

One reason is, the determination of the general issue was not before them, and was not a matter for them to decide, but for a jury. 1 Chit. Pl. 562; *Alderman* v. *French,* 1 Pick. 1, is sometimes cited for the contrary doctrine. But, in that very case, the Court say, the doctrine therein contended for does not apply to cases in trespass in which the general issue and a justification are pleaded.

In the same case it is decided, that when one plea may be used to affect another, it is merely evidence for the jury, and that the Court cannot look into one plea to determine what judgment to render on another.

The first and second causes of error, therefore, show sufficient grounds for the plaintiffs in error to maintain this action.

"If judgment be given for the plaintiff and the defendant bring a writ of error upon which judgment is reversed, the judgment shall only be to reverse the former judgment." 2 Saund. note 101, *u.;* Story's Pl. 373.

This Court can only reverse the judgment below, for there is no judgment that it can pronounce, and this is in accordance with the authorities. 2 Mass. 164, 445; 3 Mass. 352; 7 Mass. 453; Story's Pl. 372.

*Bradbury, Morrill & Meserve,* for defendant.

1st. The plaintiffs in error having by their special pleas in bar admitted the trespass and taking, and attempted to justify themselves in so doing, are not, after a decision against them upon those pleas, at liberty to fall back upon the general issue and deny the taking. 10 Mass. 80.

The plaintiff is entitled to judgment when he demurs to a defective plea which is not a full answer to the declaration. 11 Pick. 75.

2d. With regard to the third alleged error, it is discretionary with the Court to issue a writ of inquiry of the amount of damages, or not, as justice may require. Stephen's Pleading, 126.

Although the courts generally do issue a writ of inquiry, yet a refusal by them to do so is no ground of error. The Court will examine the whole record, and adjudge to the plaintiff or defendant, according to legal right, as it may on the whole appear, without regard to the issue of law. Stephen's Pleading, 140.

To support a writ of error, the error must be of a substantial kind. Stephen's Pleading, 142; 6 Mass. 445.

It being discretionary with the Court to assess the damages

themselves, or to issue a writ of inquiry of damages, unless some substantial error is manifest in the proceedings, they will not be set aside for error. The error here, if any, is at most only in the amount of damages. Some damage is to be presumed. There is no error alleged as to costs. The judgment for costs must therefore remain.

Where a judgment is erroneous in part, and can be set right without a reversal of the whole, it will be reversed for that part and remain for the rest. 11 Mass. 206; 7 Met. 590; 8 Johns. 111.

TENNEY, C. J.—The defendants in the original action, having pleaded the general issue, were entitled to a trial thereon. The special pleas in justification of the acts complained of by the original plaintiff were not a waiver of that right. The language of a defendant in one plea, cannot be used to disprove another plea. *Harrington* v. *McMorris*, 5 Taunton, 228. One plea cannot be taken advantage of, to help or vitiate another, but every plea must stand or fall by itself. 1 Chit. Pl. 543.

After the question of law was raised upon the demurrer to the pleas in bar, justifying the act complained of, the case was properly carried to the law court, for the determination of this question, without a trial upon the general issue. This is in conformity with the practice, as appears by the cases of *Alderman* v. *French*, 1 Pick. 1, and of *Eastman* v. *Cooper*, 15 Pick. 276. ·

By the statutes of 1852, c. 246, § 8, it is provided, when a question of law is raised for the determination of the Supreme Judicial Court, sitting as a court of law and equity, the case shall be marked "law," on the docket of the county where it is pending, and shall be continued on the same, until the determination of the question so arising, shall be certified by the clerk of the district to the clerk of the county where it is pending.

When judgment was rendered in the law court upon the demurrer for the plaintiff, and the same was certified. to the

clerk of the county where the action was pending, its effect was limited to the question presented, as the jurisdiction of that court extended to that issue only; and it was manifestly its design to certify nothing further.

After the question of law was disposed of, the case was in a condition to be tried upon the issue of fact, which had been presented at the same time that the issue of law was raised. No judgment could be legally entered against the original defendants, excepting upon default, or a verdict against them upon the general issue. The special judgment, entered on Dec. 1, 1855, was erroneous, and should be reversed.

RICE, CUTTING, APPLETON, and MAY, J. J., concurred.